[Civ. No. 10523.   Third Dist.   Jan. 22, 1963.]

THE PEOPLE, for the Best Interest and Protection of EBBA JOHANNA BOOTH, as a Mentally Ill Person.   EBBA JOHANNA BOOTH, Appellant, v. THE PEOPLE, Respondent.

Ebba Johanna Booth, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Edward Hinz, Deputy Attorney General, and Laurence Drivon, District Attorney, for Respondent.

THE COURT.—On September 7, 1961, Vernon E. Jeffries, an investigator for the District Attorney of San Joaquin County signed a petition, alleging that appellant was believed to be mentally ill and in need of supervision, care or restraint. Thereafter, after proceedings commenced under the Welfare and Institutions Code, sections 5047 et seq., duly appointed medical examiners appointed by the Superior Court of San Joaquin County certified that appellant was mentally ill and recommended commitment.   After hearing their testimony and that of other witnesses the court adjudged that appellant was mentally ill and ordered that she be committed to the Stockton State Hospital. Appellant then demanded a jury trial which was held. She appeared at the trial with her attorney. Evidence was taken and appellant testified in her own behalf.   Arguments were presented and the jury was instructed. It deliberated and returned a verdict that appellant was mentally ill.   Order of commitment was made pursuant to this verdict. On appeal appellant's sole contention

is that the evidence was insufficient to justify the jury's finding of mental illness.

We have examined the record and have determined that there was no insufficiency of the evidence to justify the verdict of the jury.

Welfare and Institutions Code section 5040 provides:

" 'Mentally ill persons' means persons who come within either or both of the following descriptions:

"(a) Who are of such mental condition that they are in need of supervision, treatment, care, or restraint.

"(b) Who are of such mental condition that they are dangerous to themselves or to the person or property of others, and are in need of supervision, treatment, care or restraint."

■ On appeal in proceedings of this nature "[a]ll conflicts and any reasonable doubt as to the sufficiency of the evidence must be resolved in favor of the order." (*Guardianship of Walters*, 37 Cal.2d 239, 245 [231 P.2d 473].) Here, however, the evidence supporting the order is overwhelming.

The principal witness at the trial was Dr. Ralph Winkler, a certified psychiatrist and Assistant Superintendent of Stockton State Hospital. Based upon his examination and a review of her hospital records, past history, discussion with the ward staff, observation of the appellant in the ward and his experience, he concluded that appellant had a severe mental disorder called schizophrenic reaction; that she needed supervision, care, treatment and restraint in a hospital for the mentally ill. It was his opinion that if appellant were not treated her condition would become progressively worse and she would become even more incapacitated.

He stated his reasons for this opinion, which need not be recited in this opinion. It may be noted, however, that much of appellant's behavior observed and described was such that it would seem not to need the knowledge of a psychiatrist to characterize the actor as mentally ill. The same may be said regarding appellant's testimony in her own behalf at the trial.

The order of commitment is affirmed.